UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS LEE MARNEY,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

Case No. 1:07-CV-549
(Criminal Case No. 1:05-CR-133)

HON. GORDON J. QUIST

**OPINION**

    The Court has before it Thomas Lee Marney's ("Petitioner") Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody. Promptly after the filing of a § 2255 motion, the court must undertake a preliminary review of the motion to determine whether it plainly appears from the motion, the attached exhibits and the record of prior proceedings that Petitioner is not entitled to relief in the district court. Rule 4, Rules Governing § 2255 Cases. If so, the court shall make an order for its summary dismissal. *Id.* A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999) (applying Rule 4 to petition filed under 28 U.S.C. § 2254). After undertaking the review required by Rule 4, the Court concludes that Petitioner is not entitled to relief.

    1.    **Procedural History.**

    On July 7, 2005, Petitioner pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On October 13, 2005, this Court sentenced Petitioner to 72 months

incarceration. Judgment was entered on October 14, 2005. Petitioner timely filed an appeal with the Court of Appeals for the Sixth Circuit on October 18, 2005.

On July 24, 2006, the Court of Appeals affirmed the judgment of this Court. On May 3, 2007, this Court denied Petitioner's motion for extension of time to file his motion under 28 U.S.C. § 2255. On June 6, 2007, Petitioner timely filed this motion under 28 U.S.C. § 2255. The essence of this petition is that this Court (1) violated Petitioner's Sixth Amendment rights by enhancing his sentence by four points under U.S.S.G. § 2K2.1(b)(5) based on the finding that the firearm was used in connection with another felony offense, specifically, felonious assault; (2) denied Petitioner effective assistance of counsel; and (3) violated Petitioner's right to a Fast and Speedy Trial under 18 U.S.C. §§ 3161(b) and (d). (Def.'s § 2255 Motion at 1.)

    **2.**    **Petitioner's *Blakely* and *Booker* Claim Fails**.

In his motion, Petitioner relies on *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004) and *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005) for his argument that the Court violated his Sixth Amendment rights. In *Blakely*, the Supreme Court held that a Washington state trial judge's enhancement of a defendant's sentence based on the judge's finding of deliberate cruelty violated the defendant's Sixth Amendment right to a trial by jury. The decision called into question the constitutionality of both Washington state's sentencing guidelines and the federal sentencing guidelines. In *Booker*, the Supreme Court addressed whether the federal sentencing guidelines and enhancement provisions violate a defendant's Sixth Amendment rights. The Supreme Court concluded that the mandatory federal sentencing guidelines are subject to the jury trial requirements of the Sixth Amendment. However, the application of the federal guidelines does not violate a defendant's constitutional rights so long as the guidelines are advisory rather than mandatory.

2

### A. *Blakely* and *Booker* Relief Cannot be Applied Retroactively.

Petitioner's claim fails because the Sixth Circuit has explicitly held that the new procedural rules set forth in *Blakely* and *Booker* do not apply retroactively to cases on collateral review. *See Humphress v. United States,* 398 F.3d 855, 860-863 (6th Cir. 2005), *cert. denied*, 126 S. Ct. 199 (2005). In *Humphress*, the district court had enhanced the Petitioner's sentence by nine points based on factual findings, at least some of which had not been found by the jury. The Petitioner filed a § 2255 motion, claiming that the enhanced sentence violated *Blakely*. Because *Booker* was decided after the Petitioner had filed his motion, the Sixth Circuit also considered *Booker* in its analysis. It concluded that, although *Booker* and *Blakely* were "new rules" of criminal procedure, they did not meet the criteria required to be applied retroactively to cases on collateral review set forth by the Supreme Court in *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060 (1989). Specifically, the new rules do not forbid punishment of certain primary conduct or prohibit a certain category of punishment for a class of defendants because of their status or offense. *See Humphress*, 398 F.3d at 860-863. Furthermore, they are not "watershed rules" that implicate the fundamental fairness and accuracy of the criminal proceeding. *See id*. Accordingly, Petitioner's claim must fail.

### B. Petitioner Already Argued his Enhancement Claim on Direct Appeal.

Moreover, the Court's application of the four factor sentence enhancement was argued and affirmed on appeal. *See United States v. Marney*, No. 05-2469 (6th Cir. July 20, 2006). A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances, such as an intervening change in the law. *See DuPont v. United States*, 76 F.3d 108, 110-11 (6th Cir. 1996); *see also Wright v. United States,* 182 F.3d 458, 467(6th Cir. 1999); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999); *Oliver v. United States*, 90 F.3d 177, 180 (6th

Cir. 1996). As a general rule, sentencing matters decided on direct appeal may not be relitigated under § 2255. *See DuPont*, 76 F.3d at 110-11. No such exceptional circumstances exist here.

### C. Petitioner's Enhancement Claim is Meritless.

Petitioner's claim fails on the merits because *Booker* preserves the district court's ability to enhance a defendant's sentence based upon facts proven by a preponderance of the evidence "so long as the trial court appreciates that the guidelines are advisory, not binding." *United States v. Mickens*, 453 F.3d 668, 673 (6th Cir. 2006); *United States v. Gates*, 461 F.3d 703, 708 (6th Cir. 2006). This Court found, and the Court of Appeals affirmed, that the government proved, by a preponderance of the evidence, that Petitioner committed the felonious assault that resulted in the four level enhancement. (Tr. of Sentence Proceeding held Oct. 13, 2005, 1:05-cr-133 docket no. 37, at 64.) Therefore, this Court acted within its discretion when it imposed the four level enhancement, and Petitioner's claim under *Blakely* and *Booker* fails.

### 3. Alleged Violation of Right to Speedy Trial Not Raised on Appeal.

Petitioner raises for the first time a claim that his right to a speedy trial under 18 U.S.C. §§ 3161(b) and (d) was violated. Unlike Petitioner's claim of ineffective assistance of counsel, which is generally not reviewable on direct appeal and may be raised for the first time in a § 2255 proceeding, *see United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir. 1996), Petitioner's claim that his right to a speedy trial was violated may not be raised here without a showing of cause and prejudice for failing to raise the claim on direct appeal.

As the Supreme Court has said, § 2255 petitions are not substitutes for direct appeals. *See Reed v. Farley*, 512, U.S. 339, 354, 114 S. Ct. 2291, 2300 (1994); *United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982); *Hunter v. United States*, 160 F.3d 1109, 1114 (6th Cir. 1998). The Supreme Court has imposed strict limitations upon the circumstances under which a

4

guilty plea may be attacked on collateral review. *See Bousley v. United States*, 523 U.S. 614, 620, 118 S. Ct. 1604, 1610 (1998); *Mabry v. Johnson*, 467 U.S. 504, 508, 104 S. Ct. 2543, 2546-47 (1984). Because Petitioner failed to challenge the validity of his plea on direct appeal, his claims are procedurally defaulted. *See Bousley*, 523 U.S. at 622, 118 S. Ct. at 1611; *Hampton v. United States*, 191 F.3d 695, 698 (6th Cir. 1999). As such, Petitioner is barred from raising his claims in a § 2255 motion unless he can demonstrate "cause" and "actual prejudice" existed to excuse his failure to raise the issues on direct appeal, or that a constitutional error at the plea proceedings "has probably resulted in the conviction of one who is actually innocent." *See Bousley*, 523 U.S. at 622, 118 S. Ct. at 1611 (citing *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645 (1986)); *Hampton*, 191 F.3d at 698-99. To show cause, Petitioner must point to "some objective factor external to the defense" that prohibited him from raising his claims on direct appeal. *See Murray*, 477 U.S. at 488, 106 S. Ct. at 2645. To show prejudice, he must demonstrate an error that worked to his actual and substantial disadvantage. *See Frady*, 456 U.S. at 170, 102 S. Ct. at 1595-96.

Petitioner does not show cause for his failure to raise his speedy trial claim on direct appeal. Petitioner makes no argument regarding why he did not raise this claim on appeal, much less point to "some objective factor external to the defense" that prohibited him from raising this claim. Petitioner merely raises the speedy trial violation claim for the first time in his § 2255 motion. Therefore, Petitioner is barred from first raising this new claim in this motion.

    **4.**    **<u>Ineffective Assistance of Counsel</u>**.

Petitioner argues that he was denied effective assistance of counsel. Specifically, Petitioner claims that his counsel (1) met with him one time in five months; (2) did not explain, break down,

5

define, clarify, or illustrate "distinctness" in the presentence investigation report; (3) "stood mute" at his sentencing[1]; and (4) failed to object to the alleged violation of 18 U.S.C. §§ 3161(b) and (d).

The United States Court of Appeals for the Sixth Circuit repeated the test for ineffective assistance of counsel:

> A two-prong test establishes ineffective assistance of counsel: 1) the defendant must show that his counsel's performance was deficient; and 2) prejudice must have resulted to counsel's defendant from the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). The first prong requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. The second prong requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial. *Id.*
>
> "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.... If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, ... that course should be followed." *Strickland*, 466 U.S. at 697, 104 S. Ct. 2052.
>
> To establish prejudice, the defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S. Ct. 2052. To determine if Kinnard was prejudiced by his attorney's performance, it is necessary to determine if the proceeding was fundamentally unfair or unreliable; a court should not focus the analysis on the outcome. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S. Ct. 838, 122 L.Ed.2d 180 (1993).

*Kinnard v. United States*, 313 F.3d 933, 935 (6th Cir. 2002). Petitioner has failed to establish prejudice under *Strickland*. In particular, Petitioner has not shown that but for counsel's alleged errors, the result of the proceeding would have been different. Petitioner's ineffective assistance of counsel claims relate to the four level sentence enhancement applied by this Court pursuant to its finding that the weapon was possessed in connection with a felony offense. The record shows that Petitioner's counsel objected to the application of the four level enhancement prior to

---

[1] The Court liberally construes this claim to include counsel's alleged failure to object to both the four level sentence enhancement recommended in the presentence investigation report and to the alleged speedy trial violation.

6

sentencing. (Def.'s Sentencing Mem., 1:05-cr-133 docket no. 30, at 2-4.) Petitioner's counsel also objected at the time of sentencing, and witnesses of the events at issue were called by both the government and Petitioner. (Tr. of Sentence Proceeding held Oct. 13, 2005, 1:05-cr-133 docket no. 37, at 3-63.) Petitioner has not shown the proceeding to be "fundamentally unfair or unreliable." *See Kinnard*, 313 F.3d at 935. Moreover, Petitioner cannot show that but for his counsel's performance the result would have been different, as the Court of Appeals affirmed the Court's application of the sentence enhancement based on the record. Therefore, Petitioner has failed to show that his counsel's alleged failures to explain the presentence investigation report to Petitioner and to object to the enhancement at the time of sentencing established prejudice giving rise to a claim of ineffective assistance of counsel.

Petitioner also argues that his counsel was deficient in not raising the alleged speedy trial violation. Petitioner argues that because he was arrested on January 3, 2005, and remained in custody until his federal indictment on May 25, 2005, that his speedy trial rights under 18 U.S.C. § 3161 (b) were violated, and that Petitioner's counsel was deficient in not raising that claim at trial. 18 U.S.C. § 3161 (b) provides, in part, that any information or indictment charging an individual with an offense shall be filed within thirty days from the date on which such individual was arrested. However, Petitioner cannot show prejudice based on counsel's alleged deficient performance because Petitioner cannot show that the underlying speedy trial violation claim had merit. Petitioner overlooks the fact that, following his arrest on January 3, 2005, he was held in state custody pursuant to charges brought by Ingham County related to the events of January 3.[2] 18 U.S.C. § 3161(h)(1) provides that any period of delay resulting from other proceedings

---

[2] Ingham County case number 05-000175-FH. Petitioner was charged with one count each of carrying a concealed weapon, felon in possession of a firearm, and felony firearms, and three counts of felonious assault. (Presentence Investigation Report at 6.)

concerning the defendant shall be excluded in computing the time within which an indictment must be filed or the trial must commence. *See, e.g., United States v. Goodwin*, 612 F.2d 1103, 1105 (8th Cir. 1980). In this case, the Ingham County charges were pending until they were dropped on May 27, 2005, two days after the federal indictment against Petitioner. (Presentence Investigation Report at 6.) Because Petitioner was in custody pursuant to these state charges, this time is excluded in computing the time within which the indictment must have been filed. As a result, Petitioner is unable to show that he was prejudiced by his counsel's failure to argue a speedy trial violation because there was no merit to such a claim. Therefore, Petitioner has not shown that he was denied effective assistance of counsel.

     5.     **<u>No Certificate of Appealability</u>**.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2255 Cases is a determination that the § 2255 motion, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722

F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

## **Conclusion**

For these reasons, Petitioner's § 2255 Motion (docket no. 1) will be DISMISSED pursuant to Rule 4 of the Rules Governing § 2255 Cases. In addition, a certificate of appealability will be DENIED as to each issue raised by Petitioner because he has failed to make a "substantial showing of a denial of a constitutional right."

A separate Order will issue.

Dated:  August 28, 2007              /s/ Gordon J. Quist
                                                                GORDON J. QUIST
                                           UNITED STATES DISTRICT JUDGE